## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

KELLY WILSON,            )
                                  )
            Plaintiff,      )
                                  )
v.                        )        CV420-217
                                  )
HH SAVANNAH, LLC,    )
HHC TRS SAVANNAH, LLC, and  )
HYATT CORPORATION,    )
                                  )
            Defendants.   )

## <u>ORDER</u>

Plaintiff Kelly Wilson alleges that she slipped and fell while exiting a guestroom shower at a Hyatt hotel that was "owned," "leased," "managed," "operated," and "occupied" by Defendants HH Savannah LLC ("HH"), HHC TRS Savannah, LLC ("HHC"), and Hyatt Corporation ("Hyatt"). Doc. 46 at 2-3 (Amended Complaint). She moved for sanctions against all three defendants under Fed. R. Civ. P. 37(e), arguing that they allowed relevant room cleaning and inspection data stored in a computerized system called "HotSOS" to spoliate. Doc. 59 at 1-2.

The Court denied Plaintiff's motion to the extent it sought sanctions against HH and HHC because she did not show that those entities had

sufficient "possession, custody, or control" of the data to trigger a duty to preserve it.   Doc. 72 at 11 (quoting *Lidey v. Moser's Rides*, 2018 WL 6308012, at *3 (M.D. Fla. Sept. 7, 2018)).   However, it granted the motion as to Hyatt because it had a duty to preserve the data and did not take reasonable steps to do so.   *See id.* at 9-18.   Although Plaintiff was prejudiced by the deletion, she did not show that Hyatt "acted with the intent to deprive" her of the data.   *Id.* at 20-24.

Accordingly, under Fed. R. Civ. P. 37(e), the Court determined that it may impose sanctions "no greater than necessary to cure the prejudice", Fed. R. Civ. P. 37(e)(1), since it may not impose the more severe sanctions listed in Rule 37(e)(2) absent a showing of intentionality. *See* Fed. R. Civ. P. 37(e)(2)(A)-(C).   Unfortunately, the parties' briefing was inadequate for the Court to discern what sanction is "no greater than necessary" to cure the deletion, so it directed them to file supplemental briefing on the issue.   Doc. 72 at 25-26.   They complied.   Doc. 74 (Plaintiff's response); doc. 75 (Hyatt's reply).   The issue is now ripe for resolution.

## ANALYSIS

As the Court explained in its prior Order, Plaintiff's spoliation motion is governed by Fed. R. Civ. P. 37(e) because it involves Electronically Stored Information ("ESI").  Doc. 72 at 7 (citing *Marshall v. Dentfirst*, P.C., 313 F.R.D. 691, 695 (N.D. Ga. March 25, 2016)).  But the Court also draws direction from general spoliation case law since the pertinent analyses are essentially the same.  *Id.* (citing *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1307-08 (11th Cir. 2018) and *Atta v. Cisco Systems, Inc.*, 2020 WL 7384689, at *5 (N.D. Ga. Aug. 3, 2020)).

The Court has a "wide range of discretion in crafting remedies under [Rule 37(e)(1)], including measures 'such as forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument.' "  *Muhammad v. Mathena*, 2016 WL 8116155, at *9 (W.D. Va. Dec. 12, 2016) (quoting Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment).  The advisory committee, however, cautions that "[c]are must be taken . . . to

ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information[.]" Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment.

Both parties propose that they be permitted to present evidence and argument at trial regarding the circumstances of the data's deletion, and the information it would have contained.[1] They also propose instructions guiding the jury's consideration of this evidence.[2] The Court agrees that the appropriate sanction in this case is to "allow[ ] the parties to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence,

---

[1] *See, e.g.*, doc. 74 at 5 (Plaintiff proposes that "the weight and importance of what the data may have shown as well as the fact that it was deleted[ ] are issues for the jury to determine."); doc. 75 at 15 (Hyatt proposes, *inter alia*, that "Plaintiff should be allowed to introduce evidence that the missing data could have shown whether the quarterly and daily inspections had taken place before the accident", and that "Hyatt should be permitted to introduce evidence and testimony regarding its HotSOS system and why the RMI and Flash Inspections for the room were not saved.").

[2] *See, e.g.*, doc. 74 at 4 (Plaintiff proposes that the jury be instructed, *e.g.*, that Hyatt failed to satisfy its duty to preserve the data after the alleged incident, and that she was prejudiced by the deletion.); doc. 75 at 14-15 (Hyatt proposes that "[t]he Court should inform the jury that the documents had been inadvertently destroyed and that the Court found no bad faith on the part of Hyatt . . . In addition, a permissive jury instruction could be given, in which the jury is instructed specifically what the missing data might have shown; however, this instruction should only be given if the jury is also instructed that it can accept Hyatt's explanations regarding why the video was not preserved.").

along with all the other evidence in the case, in making its decision." Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment. Other Courts have imposed similar sanctions when the non-spoliating party cannot show an "intent to deprive."[3] This measure also satisfies Plaintiff's request that the jury be able to determine "the weight and importance of what the data may have shown[.]" Doc. 74 at 5; *see also Emuveyan v. Ewing*, 2021 WL 3617423, at *11 (D. Utah Aug. 16, 2021) (approving Rule 37(e)(1) sanction which "ensures the factfinder will understand the context of the evidence in the case.").

At this pretrial stage, however, the Court declines to rule on the precise scope of admissible evidence regarding the deletion, and the content of the jury instruction. Courts have noted that this approach "affords the district judge with flexibility to determine the scope of the spoliation evidence to be presented at trial, including any argument that

---

[3] *See, e.g., Manning v. Safelite Fulfillment, Inc.*, 2021 WL 3557582, at *10 (D.N.J. Apr. 29, 2021) ("The Court concludes that the appropriate sanction here is to permit defendants to present evidence to the jury regarding [the]deletion[.]"); *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *27 (S.D.N.Y. June 20, 2019) ("As an additional sanction, defendants will be permitted to present evidence to the jury concerning [the spoliation], and the jury will be permitted to consider that evidence[.]"); *Franklin v. Howard Brown Health Ctr.*, 2018 WL 4784668, at *7 (N.D. Ill. Oct. 4, 2018) ("it is recommended that parties be allowed to present evidence and argument to the jury regarding the defendant's destruction/failure to preserve electronic evidence in this case[.]").

may be made to the jury on this issue, and to craft any related jury instructions on a full evidentiary record." *Manning*, 2021 WL 3557582, at *10; *see also Franklin*, 2018 WL 4784668, at *7 ("The trial court is generally in the best position to effect sanctions for loss or non-production of evidence as only the trial judge can see how the evidence unfolds and the import it has."); *Karsch*, 2019 WL 2708125, at *27, n. 29 (compiling cases employing a similar approach).

Plaintiff also proposes that the Court limit Hyatt's ability to assert certain affirmative defenses. Specifically, she notes that Hyatt's pending Motion for Summary Judgment argues that it "had no notice that water was leaking over the shower glass doors", and that Plaintiff had superior knowledge of the shower's alleged defect. Doc. 74 at 3 (citing doc. 60 at 7, 14, 21). She broadly requests that the Court:

> preclud[e] the Defendants[4] from presenting any evidence or argument as to those issues, including circumstantial arguments suggesting that hotel staff or contractors may have

---

[4] Despite the Court's prior holding that sanctions against HH and HHC are not appropriate, Plaintiff asserts that "any remedial sanctions ordered by the Court should be imposed on property manager and owner alike. This is because the duty of an owner to its business invitees, i.e. the duty to inspect and maintain the property in proper working order, is both statutory and nondelegable." Doc. 74 at 3 n. 1. Even if the Court considered this argument, it would fail because it does not address whether HH or HHC had sufficient "possession, custody, or control" of the data to trigger its duty to preserve. *Id.*

> inspected the shower prior to the fall, that a hotel employee
> or contractor would have taken corrective action if a problem
> with the shower had been malfunctioning, as well as any
> evidence of habit, procedure, or practice to that effect.

Doc. 74 at 3-4; *see also id.* at 5 ("Plaintiff requests that this Court issue

an order precluding the Defendants from presenting any evidence or

argument as to prior notice or their own superior knowledge of the

alleged hazard.").   Courts have recognized that sanctions preventing a

party from offering evidence at trial on one of its defenses are available

only under Fed. R. Civ. P. 37(e)(2), upon a showing that the spoliating

party "acted with the intent to deprive."   *See, e.g.*, *Six Dimensions, Inc. v.*

*Perficient, Inc.*, 2018 WL 7108060, at *1 (S.D. Tex. Dec. 14, 2018)

(denying request to preclude spoliating party from offering evidence at

trial on one of its defenses, since party did not act with the intent to

deprive required by Rule 37(e)(2)); *Charlestown Cap. Advisors, LLC v.*

*Acero Junction, Inc.*, 337 F.R.D. 47, 69 (S.D.N.Y. 2020) ("precluding

defendants from offering any evidence, from any source, in support of any

of the five affirmative defenses . . . would, as a practical matter, be

equivalent to an order striking those defenses, which is a subsection (e)(2)

remedy."); *cf. Dear v. Crown Castle S., LLC*, 2016 WL 7976039, at *7 (S.D.

Miss. June 8, 2016) (sanction striking defendant's defenses could only be

levied upon a finding that it "acted with the intent to deprive" (quotations and citations omitted)).  Since Plaintiff has not shown that Rule 37(e)(2) sanctions are warranted, Hyatt is not precluded from raising these affirmative defenses and presenting otherwise admissible evidence in support of those defenses.

As an alternative remedy, Hyatt proposes that "discovery could be re-opened for the limited purpose of discovering the information that would have been preserved in the RMI and Flash Inspection documents – i.e. the identities of the Hospitality and engineering staff whose duty it would have been to inspect the room and create those records."  Doc. 75 at 15.  There is no indication that reopening discovery would clarify the content of the deleted data, and the Court declines the request.  Hyatt also requests that Plaintiff be precluded from making four arguments to the jury which it contends are "unnecessary and prejudicial."  *See* doc. 75 at 16-17 (requesting, *e.g.*, that Plaintiff be precluded from "[a]rguing to the jury that Hyatt acted with intent to destroy evidence or that Hyatt 'had something to hide' by not preserving the additional data", and that "the condition of the showerhead was known to Hyatt" and citing the Federal Rules of Evidence).  Since this request would be more

appropriately raised in a fully briefed motion *in limine*, the Court declines to rule on it at this point in the proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff and Hyatt will be permitted to present evidence to the jury concerning the loss and likely relevance of the deleted HotSOS data, and the jury, with appropriate instructions from the Court, may consider that evidence, along with all the other evidence in the case, in making its decision. The Court, however, reserves ruling on the scope of the admissible evidence and the content of the jury instructions for the presiding judge at trial.

**SO ORDERED**, this 28th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA